GRABER v KNIOLA

SCHOOLS AND SCHOOL DISTRICTS—SCHOOL REGULATIONS—DRESS CODES
—HAIR LENGTH—STATUTES.

School regulations must bear some reasonable relationship to the
purpose of compulsory school attendance, education in the
broadest sense of that term; a dress code, relative to hair,
which provides that hair of male students "must not reach the
bottom of the shirt collar and must be above the eyes" does not
bear such a reasonable relationship and is beyond the statutory
authority of a school board to make (MCLA 340.614).

Appeal from Berrien, William S. White, J. Sub-
mitted Division 3 February 7, 1974, at Grand
Rapids. (Docket No. 15149.) Decided March 27,
1974.

Complaint by Peter Graber, a minor, by his next
friend, Daniel Graber, and eight other students of
Lakeshore High School against Dennis Kniola,
Assistant Principal of Lakeshore High School, Jon
Schuster, Principal of Lakeshore High School,
Lionel Stacey, Superintendent of Lakeshore Public
Schools, and the Board of Education of Lakeshore
Public Schools for a declaratory judgment that the
rules and regulations of the Lakeshore School in
regard to hair and other manners of dress are
unconstitutional and for an injunction to enjoin
the enforcement of the dress code. Judgment for
defendants. Plaintiff appeals. Reversed.

REFERENCES FOR POINTS IN HEADNOTE
68 Am Jur 2d, Schools §§ 249–252.
Validity of regulation by public school authorities as to clothes or
personal appearance of pupils, 14 ALR3d 1201.

*Tat Parish,* for plaintiffs.

*Ryan, McQuillan, Vander Ploeg & Fette,* for defendants.

Before: R. B. Burns, P. J., and Allen and O'Hara,* JJ.

O'Hara, J. This case presents the recurring clash between the individual right of students to personal preferences in hair styling and length and the unquestionable right of school authorities to ordain and enforce what is commonly referred to as "school dress codes".

The student plaintiffs, legally minors, by their next friends appeal of right a holding by the trial court that a provision of defendant school's dress code was valid. The proviso requires that the hair length of male students "must not [reach] the bottom of the shirt collar and must be above the eyes".

As to a number of the parties plaintiff the issue is moot. It is viable as to at least one. The question is not moot in principle. We will write to it for that reason irrespective of the suggestion of mootness as to some individual plaintiffs.

There is really very little point to an erudite and extended discussion about the right of school authorities to prescribe reasonable regulations of personal appearance for school attendance during school hours.

Nor will it benefit bench, bar, or school authorities to hold forth at length on the undoubted right of students to choose individual attire or hair styling. Obviously, this is not to say that young

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ladies of varying degrees of comeliness may (Michigan weather permitting) attend classes in bikinis. Nor may male students emulate Tarzan and attend classes in loinclothes. Mr. Justice Cardozo, of revered memory, once cogently observed, in substance, that the law is a matter of degree.

That is precisely the point here. School regulations, of whatever nature, must bear some reasonable relationship to the purpose of compulsory school attendance, education in the broadest sense of that term.

In a recent and regrettably unpublished per curiam, this Court adopted, as its own, an opinion of Judge Charles A. Wickens of the 19th Judicial Circuit.[1] It was written in a fact setting virtually indistinguishable from the case at bar. We think it warrants publication. We set it forth herein.

"The plaintiff in this case asks the court to grant a permanent injunction restraining the enforcement of a dress code and suspending him from school on the grounds that the school dress code violates the United States Constitution and the Constitution of the State of Michigan.

"The school passed a dress code under authority of Michigan Statutes Annotated 15.3614 [MCLA 340.614]. The dress code provides that hair of male students must be above the eyes, off the collar and off the ears. The plaintiff in this case wears his hair so that it comes down and overrides the tops of his ears. It should be stated, however, in this case, that this young man's hair-do is really quite conservative in light of the hair-dos worn by general high school students in this area. He does not wear long hair down to his shoulders, nor any of the exaggerated hair styles that might be found on any high school or college campuses in the area. The court was actually quite surprised, when the witness took the stand, that the complained-of hair was really

---

[1] *Eble v Pine River Area School District,* (Docket No. 14837, decided April 30, 1973 [unreported]).

so conservative, in light of the common mod dress style of hair that the court finds in this area.

"The facts show that this young man is not a discipline problem to the school, does not create a health hazard for the school, nor does his hair, in any way, interfere with the school administration, other than the fact that the school does not like the student's defiance of the dress code. The School Board takes the position that the defiance by the student of the dress code is, in and of itself, grounds for his expulsion from school.

"The dress code in question has certain provisions for modification, and certain provisions for hearings, etc. These technicalities are really insignificant. The only issue is whether or not the hair regulation is a reasonable regulation. The facts show seventy percent of the students desire either to abolish the dress code, or modify the dress code. This fact, in and of itself, does not create any legal rights, but does go to the issue of the reasonableness of the code.

"The purpose of a school is to educate and train its students. Any rules and regulations must be for this purpose. The purpose of the hair dress code is to legislate style or fashion, and unless it can be shown that this regulation has something to do with 'establishment, maintenance, management and carrying on the public schools—including regulations relative to conduct of pupils concerning their safety while in attendance at school, or enroute,' [and is] of a reasonable nature, this dress code, concerning hair, [must fall]. The court can find no reasonable connection between the dress code, relative to hair, and the authority of the Board to make rules and regulations under MSA 15.3614 [MCLA 340.614]. The court feels, in light of the present trend for hair styles, the conservative nature of this particular hair-do, the fact that no safety involving the pupil, or other pupils, is involved, and that there is no connection between this hair style and the establishment, maintenance and management and the carrying on of a public school, that this hair dress code must fall in this respect, because of its unreasonable nature under the test as applied by the Acts and the Court cases on point in this case.

"A permanent injunction may be entered restraining

the defendants from enforcing the hair provisions of this dress code as to this pupil, and an order may be so prepared.

"The matter being a public question, no costs are assessed to either party."

Despite our disagreement with the conclusion of the learned trial judge in this case, we do wish to commend him for his extremely well documented opinion, contra to ours.

For our reasons set forth herein and consonant with the prior holding of this Court in *Eble, supra,* we reverse. No costs.

All concurred.